IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CHRISTINE BARR, individually and as Administratrix of the ESTATE OF CHRISTOPHER M. BARR, deceased, on behalf of the ESTATE OF CHRISTOPHER M. BARR, Deceased, and CHRISTINE BARR, ADMINISTRATRIX OF THE ESTATE OF CHRISTOPHER M. BARR, deceased, on behalf of the next of kin of CHRISTOPHER M. BARR,** </br></br>    Plaintiff, </br></br> v. </br></br> **CITY OF BEAVER FALLS, JEFF BECZE and CURT COUPER,** </br></br>    Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) )    Civil Action No. 07-340 |

**MEMORANDUM OPINION AND ORDER OF COURT**

Before the Court for disposition are DEFENDANTS' MOTION TO DISMISS/MOTION FOR A MORE DEFINITE STATEMENT (*Document No. 4*), with brief in support (*Document No. 5*), Plaintiff's Response to Defendants' Motion to Dismiss/Motion for a More Definite Statement (*Document No. 6*), and Plaintiff's Brief in Opposition to Defendants' Motion to Dismiss/Motion for a More Definite Statement (*Document No. 7*).

**Background**

Plaintiff Christine Barr ("Barr") initially commenced this action in the Pennsylvania Court of Common Pleas of Beaver County. Defendants City of Beaver Falls ("Beaver Falls"), Jeff Becze ("Becze") and Curt Couper ("Couper") removed this case to this Court pursuant to 28 U.S.C. § 1441 on March 16, 2007. Doc. No. 1. On May 21, 2007, Defendants filed a Motion to Dismiss/Motion for a More Definite Statement pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(e). Doc. No. 4. Since the matter comes before the Court in this posture, the

1

allegations contained in the complaint are assumed to be true. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 127 S.Ct. 2499, 2509 (2007). Although "heightened fact pleading of specifics" is not required for a plaintiff to survive a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corporation v. Twombly*, 127 S.Ct. 1955, 1974 (2007).

Barr is the administratrix of the Estate of Christopher M. Barr ("Christopher"), having been duly appointed by the Probate Court of Mahoning County, Ohio, on November 16, 2005. Doc. No. 1-3, ¶ 1. She resides in New Waterford, Ohio. *Id.* She brings this action on behalf of the next of kin of Christopher, who is deceased, seeking to recover damages for Christopher's parents, siblings, and daughters. *Id.*, ¶ 2.

Beaver Falls is a city in Beaver County, Pennsylvania. *Id.*, ¶ 3. At all relevant times, Beaver Falls operated and governed the Beaver Falls Police Department ("Police Department"). *Id.*, ¶ 4. Becze resides in Beaver County, where he is a captain in the Police Department. *Id.*, ¶ 5. At all times relevant to this case, he was acting within the scope of his employment. *Id.* Couper is also a resident of Beaver County, where he serves as a police officer. *Id.*, ¶ 6. He was acting within the scope of his employment during the incident at issue. *Id.* Beaver Falls designed, created, promulgated, adopted and implemented the policies, procedures, rules, regulations and customs governing the operation and management of the Police Department and the hiring, supervision, training and conduct of its police officers. *Id.*, ¶¶ 10-11.

The events described in the complaint allegedly occurred on January 25, 2005. *Id.*, ¶ 12. Christopher was operating a vehicle with damaged right tires in White Township, which is within Beaver County. *Id.*, ¶ 13. David Stanislawski ("Stanislawski"), an officer with the Patterson Police Department, attempted to have Christopher pull over. *Id.*, ¶ 13. When Christopher failed to do so, Stanislawski activated the lights on his police car and began to pursue Christopher. *Id.*, ¶ 14. This low-speed chase continued into Beaver Falls, where additional police officers joined the pursuit. *Id.*, ¶ 15. On 12th Avenue, Christopher's vehicle became stuck in snow. *Id.*, ¶ 16. Members of the Police Department surrounded Christopher's vehicle and ordered him to get out. *Id.*, ¶ 17. One officer approached the vehicle and opened the door on the driver's side. *Id.*, ¶ 18. Christopher then shot himself in the chest. *Id.*, ¶ 19. As Christopher was shooting himself in the

chest, Becze and Couper fired their guns into the vehicle, hitting Christopher in the shoulder five times.[1]  *Id.*  These multiple shootings are alleged to have occurred simultaneously.  *Id.*

## Discussion

Barr's complaint contains six counts.  *Id.*, ¶¶ 21-56.  Counts I, III and V allege that Beaver Falls, Becze and Couper each violated Christopher's Fourth Amendment[2] rights.  Counts II, IV and VI allege that each of the Defendants violated Christopher's rights under the Due

---

[1] Barr's complaint states: "All of the resultant losses, damages and injuries sustained by Decedent were the direct and proximate result of the Defendants' violations of the Decedent's rights under the Fourth and Fourteenth Amendments to the U.S. Constitution."  Doc. No. 1-3, ¶ 20.  It is not clear whether Barr alleges that the shots fired by Becze and Couper killed Christopher.  Since Christopher is referred to as the "Decedent," it is clear that he is no longer alive.  Moreover, since he was apparently shot at least six times, the Court assumes that his death was caused by the incident described in the complaint.  Nevertheless, it is not entirely clear whether Barr alleges that Becze and Couper *killed* Christopher.  The counts alleging violations of the Due Process Clause of the Fourteenth Amendment simply allege "deprivation[s] of due process[.]"  *Id.*, ¶ 28.  Barr does not allege *what* Christopher was *deprived* of (i.e., *life*, liberty, or property).  The Due Process Clause, by its very terms, does not provide protection against "deprivation[s] of due process[.]"  Instead, it provides that "No State shall . . . deprive any person of *life*, *liberty*, or *property*, without due process of law."  U.S. CONST. amend. XIV, § 1.  By pointing this out, the Court does not mean to emphasize semantic formalities over substantive realities.  Although the Court would normally understand the words "deprivation of due process" to mean a deprivation of life, liberty, or property, Barr's complaint is so vague as to the cause of Christopher's death (if his death occurred at the time of the incident described in the complaint) that the Court cannot even determine whether she is alleging that Becze and Couper killed Christopher.

[2] The provisions of the Fourth Amendment are applicable to state actors such as Beaver Falls, Becze and Couper because they are incorporated within the Due Process Clause of the Fourteenth Amendment.  *Maryland v. Pringle*, 540 U.S. 366, 369 (2003).  Consequently, all of Barr's claims could be fairly characterized as Fourteenth Amendment claims.  Nevertheless, for the sake of clearly distinguishing between her different claims, the Court will refer to her claims alleging unreasonable searches and seizures as Fourth Amendment claims without reference to the Fourteenth Amendment, even though the Fourteenth Amendment is technically the applicable provision with respect to all six counts contained in the complaint.  *United States v. Georgia*, 126 S.Ct. 877, 881 (2006)(recognizing a claim against a State arising under the Eighth Amendment as a claim under § 1 of the Fourteenth Amendment, thereby providing a jurisdictional basis for Congress to exercise its authority under § 5 of the Fourteenth Amendment to abrogate the State's Eleventh Amendment immunity with respect to the specific Eighth Amendment violation at issue).

Process Clause of the Fourteenth Amendment. *Id.* These claims are before the Court pursuant to 42 U.S.C. § 1983. In their Motion to Dismiss/Motion for a More Definite Statement, Defendants essentially seek four different types of relief. First, they seek the dismissal of Barr's due process claims. Doc. No. 4, ¶ 2. Second, they seek the dismissal of the Fourth Amendment claims to the extent that they are based on allegations of an unreasonable *search* (as opposed to an unreasonable *seizure*). *Id.*, ¶ 3. Third, they request that any claims for punitive damages asserted against Beaver Falls be dismissed. *Id.*, ¶ 4. Finally, they ask the Court to order a more definite statement with respect to Barr's allegations of an unreasonable *seizure* under the Fourth Amendment, since Becze and Couper cannot raise a meaningful qualified immunity defense on the basis of the vaguely-described facts in the complaint. *Id.*, ¶ 5. The Court will address each of these requests for relief.

    Defendants' request that Barr's due process claims be dismissed is based on the idea that because her claims are covered under the "explicit textual source" of the Fourth Amendment, they should not be analyzed under the rubric of substantive due process. Doc. No. 5, p. 3. At the outset, it is worth noting that Barr makes no allegation that Pennsylvania law provides no remedies, or only inadequate remedies, for individuals injured by the random, unauthorized actions of police officers. Thus, her due process claims must rest on the doctrine of substantive, rather than procedural, due process. *County of Sacramento v. Lewis*, 523 U.S. 833, 840, n. 4 (1998)("Respondents do not argue that they were denied due process of law by virtue of the fact that California's post-deprivation procedures and rules of immunity have effectively denied them an adequate opportunity to seek compensation for the state-occasioned deprivation of their son's life."). It is also clear that "[w]here a particular Amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing these claims." *Albright v. Oliver*, 510 U.S. 266, 273 (1994)(plurality opinion)(internal citations omitted). The dispositive question, of course, is whether the allegations are covered by the Fourth Amendment. The text of the Fourth Amendment provides:

> The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and

>particularly describing the place to be searched, and the persons or things to be seized.

U.S. CONST. amend. IV.  Barr purports to proceed with claims under the Fourth Amendment.

In *Brower v. County of Inyo*, 489 U.S. 593 (1989), the United States Supreme Court explained that "a Fourth Amendment seizure does not occur whenever there is a governmentally caused termination of an individual's freedom of movement (the innocent passerby), nor even whenever there is a governmentally caused and governmentally *desired* termination of an individual's freedom of movement (the fleeing felon), but only when there is a governmental termination of freedom of movement *through means intentionally applied*."  *Brower*, 523 U.S. at 844 (emphasis in original).  That standard is met here.  Barr alleges that Becze and Couper restrained Christopher by surrounding his vehicle, ordering him out of his vehicle, and shooting him while he proceeded to shoot himself.  Doc. No. 1-3, ¶¶ 17-19.  The termination of Christopher's freedom of movement, as alleged in the complaint, was no accident.  *Lewis*, 523 U.S. at 844 ("We illustrated the point by saying that no Fourth Amendment seizure would take place where a pursuing police car sought to stop the suspect only by the show of authority represented by flashing lights and continuing pursuit, but accidentally stopped the suspect by crashing into him.")(internal quotation marks omitted).  The Court construes Barr's complaint to allege that Becze and Couper "seized" Christopher within the meaning of the Fourth Amendment.  Consequently, the Court agrees with Defendants' argument that a substantive due process analysis is inappropriate, and that Counts II, IV and VI must be dismissed.  The Court's decision is buttressed by the fact that Barr does not contest (and, hence, apparently agrees with) Defendants' argument that these counts should be dismissed.  Doc. No. 6, ¶ 2.  The constitutionality of Defendants' actions will ultimately turn on whether the seizure of Christopher was "unreasonable" within the meaning of the Fourth Amendment.

Defendants also ask the Court to dismiss Counts I, III and V to the extent that they are based on allegations of an unreasonable *search* (as opposed to an unreasonable *seizure*).  Doc. No. 5, pp. 4-5.  Barr argues that her allegation that a police officer approached Christopher's vehicle and opened the driver's side door sufficiently states a claim for an unreasonable search under the Fourth Amendment.  Doc. No. 7, pp. 4-5.  At this point, the Court is convinced that

dismissal of Barr's unreasonable search claims would be premature.  For purposes of the Fourth Amendment, a "search" occurs upon the infringement of an expectation of privacy that society is prepared to accept as reasonable.  *Soldal v. Cook County*, 506 U.S. 56, 63 (1992).  The Supreme Court has recognized that individuals enjoy some degree of constitutional protection for privacy in their automobiles.  *California v. Carney*, 471 U.S. 386, 390 (1985).  Although there is a distinction between searches and seizures for purposes of the Fourth Amendment, Barr's complaint is simply too vague to enable the Court to meaningfully evaluate the reasonableness of the "search" at issue.  Neither party has gone to great pains to brief the issue, and Defendants do not rely on any authority in support of their position.  Doc. No. 5, pp. 4-5.  In any event, since a more definite statement is warranted, the Court will deny Defendants' Motion to Dismiss with respect to Barr's unreasonable "search" claims at this time.  Becze and Couper remain free to raise this issue later, either within the context of a qualified immunity defense or otherwise.

       Defendants argue that Beaver Falls cannot be held liable for punitive damages under § 1983.  In support of their position, they rely on the Supreme Court's decision in *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 263-271 (1981).  In *Fact Concerts*, the Supreme Court determined that neither historical considerations nor policy considerations counseled in favor of imposing punitive damages on municipalities under § 1983.  *Fact Concerts*, 453 U.S. at 271.  Barr does not dispute that § 1983 creates no liability on municipalities for punitive damages.  Doc. No. 6, ¶ 4.  Therefore, the Court will dismiss ¶ 26 of Count I, which purports to seek an award of punitive damages against Beaver Falls.  Doc. No. 1-3, ¶ 26.

       Finally, Becze and Couper seek a more definite statement, contending that they cannot frame a qualified immunity defense because Barr's allegations are too vague.  As the Supreme Court explained in *Saucier v. Katz*, 533 U.S. 194, 200 (2001), the Court must first determine whether the facts alleged in the complaint, taken in the light most favorable to the plaintiff, establish a violation of the applicable constitutional or statutory provision.  If an actionable violation of federal law is established, the Court must proceed to determine whether it would have been clear to a reasonable officer that his conduct was unlawful under the circumstances that he or she confronted.  *Saucier*, 533 U.S. at 202.  Qualified immunity is an immunity from suit, not merely a defense to liability.  For this reason, a denial of qualified immunity constitutes

a "final decision" under 28 U.S.C. § 1291, thereby conferring jurisdiction upon a federal appellate court to review such a denial. *Behrens v. Pelletier*, 516 U.S. 299, 301 (1996). The Supreme Court has consistently emphasized the importance of resolving questions of qualified immunity at the earliest possible stage in the litigation. *Scott v. Harris*, 127 S.Ct. 1769, 1773-1774, n. 2 (2007).

In *Thomas v. Independence Township*, 463 F.3d 285, 299 (3d Cir. 2006), the United States Court of Appeals for the Third Circuit recognized that "there is an inherent tension between federal qualified immunity jurisprudence and the concept of notice pleading[,]" since "[a] complaint fashioned under a simplified notice pleading standard often fails to provide sufficient factual information for the defendant to frame a proper qualified immunity defense." The Court of Appeals highlighted "the particular usefulness of the Rule 12(e) motion for a more definite statement" for district courts confronted with this situation. *Thomas*, 463 F.3d at 301. Defendants ask the Court to require Barr to file an amended complaint setting forth her allegations in greater detail. Doc. No. 4, ¶¶ 5-6.

Ironically, Barr's complaint was originally filed in the Pennsylvania Court of Common Pleas of Beaver County. Doc. No. 1-3. Under Pennsylvania's fact-pleading system, "the pleader must define the issues and every act or performance essential to that end must be set forth in the complaint." *Cable & Associates Insurance Agency, Inc. v. Commercial National Bank of Pennsylvania*, 875 A.2d 361, 365 (Pa.Super.Ct. 2005). One would think that a complaint crafted to comply with Pennsylvania's fact-pleading system would easily satisfy the notice pleading system applicable in federal court pursuant to Federal Rule of Civil Procedure 8(a). Although Barr's complaint satisfies the notice pleading requirements of Rule 8(a), it is clearly insufficient to afford Becze and Couper the opportunity to frame a meaningful qualified immunity defense. This remains the case even though the complaint was initially drafted to comply with Pennsylvania's more rigorous system of fact-pleading. The Court acknowledges that the facts in this case do not span a long period of time. Nevertheless, the vagueness of Barr's allegations are illustrated by her own arguments against Defendants' Rule 12(e) motion. In her brief, Barr argues that Becze and Couper shot Christopher from the "rear," and that there is no indication that they knew that he had a gun when they shot him. Doc. No. 7, pp. 6-7 ("Since the officers

7

shot simultaneously from the rear of the car when the Decedent shot himself, there is no indication they knew he had a gun at the time of this exercise of force."). The complaint says *nothing* about the angle from which Becze and Couper fired their guns, nor does it say anything about their awareness (or lack thereof) of Christopher's possession of a gun. Doc. No. 1-3, ¶ 19 ("Decedent then shot himself in the chest and, simultaneously, Defendants Becze and Couper fired into Decendent's vehicle, hitting Decedent five times in the shoulder."). Since Barr's own arguments are based on allegations which do not appear in the complaint, the need for a more definite statement is apparent. Hence, the Court will grant Defendants' Motion for a More Definite Statement, thereby requiring Barr to file an amended complaint. With more detailed pleadings, Becze and Couper will be in a better position to frame their qualified immunity defense, and the Court will be in a better position to conduct the inquiry required under *Saucier*.

      In summary, the Court will grant Defendants' Motion to Dismiss with respect to Counts II, IV and VI of the complaint, and with respect to Barr's claim for punitive damages against Beaver Falls. Doc. No. 4, ¶¶ 2, 4. The Court will also grant Defendants' Motion for a More Definite Statement, thereby requiring Barr to plead Counts I, III and V with sufficient specificity to afford Becze and Couper an opportunity to frame a fact-specific qualified immunity defense. *Id.*, ¶ 5. At this time, Defendants' Motion to Dismiss will be denied to the extent that it seeks a dismissal of Barr's claims related to an allegedly unreasonable "search," since the issue has not been sufficiently developed by the parties to provide for a meaningful resolution by the Court. *Id.*, ¶ 3. Barr, Defendants and the Court will all be in a better position to deal with that issue after the filing of an amended complaint detailing the precise circumstances surrounding any allegedly unconstitutional "searches" and "seizures." An appropriate order follows.

                                                                                                       McVerry, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CHRISTINE BARR, individually and as Administratrix of the ESTATE OF CHRISTOPHER M. BARR, deceased, on behalf of the ESTATE OF CHRISTOPHER M. BARR, Deceased, and CHRISTINE BARR, ADMINISTRATRIX OF THE ESTATE OF CHRISTOPHER M. BARR, deceased, on behalf of the next of kin of CHRISTOPHER M. BARR,**<br><br>　　　　**Plaintiff,**<br><br>　　v.<br><br>**CITY OF BEAVER FALLS, JEFF BECZE and CURT COUPER**<br><br>　　　　**Defendants.** | **Civil Action No. 07-340** |

## ORDER OF COURT

AND NOW, this 26th day of October, 2007, in accordance with the foregoing memorandum opinion, it is hereby **ORDERED, ADJUDGED and DECREED** that Defendant's Motion to Dismiss (*Document No. 4*) is **GRANTED** with respect to Counts II, IV and VI of the complaint, and with respect to Barr's claim for punitive damages against Beaver Falls. Defendants' Motion to Dismiss is **DENIED** with respect to Barr's claims related to an allegedly unconstitutional search of Christopher's vehicle.  Defendants' Motion for a More Definite Statement is **GRANTED** and Plaintiff shall file an Amended Complaint on or before **November 9, 2007**.

　　　　　　　　　　　　　　　　　　BY THE COURT:


　　　　　　　　　　　　　　　　　　s/  Terrence F. McVerry
　　　　　　　　　　　　　　　　　　United States District Court Judge

cc: Paul D. Krepps
Email: pdkrepps@mdwcg.com
Christian D. Marquis, Esquire
Email: cdmarquis@mdwcg.com
Douglas L. DeMartino, Esquire
Email: dldemartino@mdwcg.com

John E. Quinn
Email: jquinn@epqlawyers.com