IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHRISTINE BARR, individually and as Administratrix of the ESTATE OF CHRISTOPHER M. BARR, deceased, on behalf of the ESTATE OF CHRISTOPHER M. BARR, Deceased, and CHRISTINE BARR, ADMINISTRATRIX OF THE ESTATE OF CHRISTOPHER M. BARR, deceased, on behalf of the next of kin of CHRISTOPHER M. BARR,<br><br>    Plaintiff,<br><br>vs.<br><br>CITY OF BEAVER FALLS, JEFF BECZE And CURT COUPER,<br><br>    Defendant. | CIVIL DIVISION<br><br>No. 07-340<br><br>Honorable Terrence F. McVerry<br><br><br>**JURY TRIAL DEMANDED**<br><br><br>**ELECTRONICALLY FILED** |

## **AMENDED COMPLAINT IN CIVIL ACTION**

1. Plaintiff, Christine Barr (hereinafter "Plaintiff") is the Administrator of the Estate of Christopher M. Barr, deceased, having been duly appointed by the Probate Court of Mahoning County, Ohio on November 16, 2005 at 2005 ES 00656. The Plaintiff resides in New Waterford, Columbiana County, Ohio.

2. Plaintiff brings this action under the provision of laws hereinafter set forth on behalf of the next of kin of Christopher M. Barr, deceased, to recover damages for those persons entitled by law, to-wit:

    a.    Christine Barr (mother)
           3393 Pinewood Drive
           New Waterford, OH 44445

    b.    Robert Barr (father)

      160 ½ South Market Street
      East Palestine, OH 44413

  c.  Vincent Barr (brother)
      636 W. Martin Street
      East Palestine, OH 44413

  d.  Alicia Barr (sister)
      239 13th Street
      Niles, OH 44446

  e.  Amber Barr (sister)
      585 W. Clark Street
      East Palestine, OH 44413

  f.  Kierra Barr (minor-daughter, DOB 8/30/02)
      140 West North Avenue
      East Palestine, OH 44413

  g.  Brianna Barr (minor-daughter, DOB 2/24/04)
      140 West North Avenue
      East Palestine, OH 44413

3. Defendant City of Beaver Falls (hereinafter "Defendant City") is a city in Beaver County, duly organized and existing under the laws of the Commonwealth of Pennsylvania.

4. At all times relevant hereto, Defendant City operated and governed the Beaver Falls Police Department (hereinafter "BFPD") pursuant to the laws of the Commonwealth of Pennsylvania.

5. Defendant Jeff Becze (hereinafter "Defendant Becze") resides in Beaver County, Pennsylvania and at all times relevant hereto was a police captain with the BFPD, acting within the scope of his employment and the scope of his authority.

6. Defendant Curt Couper (hereinafter "Defendant Couper") resides in Beaver County, Pennsylvania and at all times relevant hereto was a police officer with the BFPD, acting within in the scope of his employment and the scope of his authority.

7. At all times relevant hereto, Defendant City was acting by and through its agents, servants, employees who were acting within the course and scope of their employment and on behalf of said Defendant. Liability on the part of Defendant City is not predicated on Respondeat Superior or vicarious liability. Liability of the Defendant City is predicated upon said Defendant's deliberate indifference to the rights of Decedent, as established in Monell v. Department of Social Services, 436 U.S. 658 (1978) and its progeny.

8. The within cause of action is being brought pursuant to 42 U.S.C. § 1983 for the deprivation of Decedent's civil rights.

9. Each of the Defendants are state actors who, at all times material hereto, were acting under the color of state law, statute, ordinance, regulation, custom and/or usage of the Commonwealth of Pennsylvania.

10. Defendant City designed, created, promulgated, adopted and/or implemented the policies, procedures, rules, regulations and/or customs governing the operations and/or management of BFPD and/or its police officers.

11. Defendant City designed, created, promulgated, adopted and/or implemented the policies, procedures, rules, regulations and/or customs governing the hiring, supervision, training and/or conduct of BFPD and/or its police officers.

12. The events herein complained of occurred on the evening of January 25, 2005 in Beaver County, Pennsylvania.

13. On said date, Decedent was operating a vehicle with alleged damaged right tires in White Township, Beaver County and a police officer of the Patterson Police Department, David Stanislawski, attempted to have Decedent to pull over.

14. When Decedent failed to pull over, Officer Stanislawski activated his lights and began to pursue Decedent.

15. The low speed police chase continued into Defendant City, where additional officers joined the pursuit.

16. Decedent's vehicle eventually became stuck in snow on 12th Avenue in Defendant City.

17. Members of the BFPD surrounded Decedent's vehicle and ordered Decedent to turn off and exit the vehicle, indicating to Decedent that he was not free to leave.

18. At least one officer approached Decedent's vehicle, gun drawn, and opened the driver's side door.

21. Despite the Decedent's actions, Defendants Becze and Couper fired into Decedent's vehicle from the rear of the vehicle, hitting Decedent five times in the left upper back, near his shoulder.

22. At the time that the Decedent was shot, Decedent was aiming a shotgun at his own chest and not at the officers involved.

23. Because Defendants Becze and Couper were shooting from the rear of the subject vehicle; and because the Decedent was not aiming a weapon at the officers involved, the conduct of Defendants Becze and Couper was unlawful as set forth hereafter.

22. Simultaneously therewith, Decedent fired a shotgun into his chest.

23. All of the resultant losses, damages and injuries sustained by Decedent were the direct and proximate result of the Defendants' violations of the Decedent's rights under the Fourth and Fourteenth Amendments to the U.S. Constitution.

## COUNT I
## UNREASONABLE SEARCH AND SEIZURE
*Christine Barr, Administratrix of the Estate of Christopher M. Barr, deceased, on behalf of the Estate of Christopher M. Barr, deceased, v. City of Beaver Falls*

24. Plaintiff incorporates paragraphs 1 through 23, inclusive, as though set forth at length herein.

25. Defendant City was deliberately indifferent to Decedent's constitutionally guaranteed right of freedom from unreasonable search and seizure pursuant to the Fourth and Fourteenth Amendments of the United States Constitution because the policies, procedures, rules, regulations, and/or customs of Defendant City deprived Decedent of those rights in that:

   a. Each and every act of Defendants Becze and Couper was performed pursuant to policies, procedures, rules, regulations and/or customs of Defendant City, were formulated by and/or with the knowledge of and approval of Defendant City; and/or

   b. Defendant City, with deliberate indifference to Decedent's rights, had policies, procedures, rules, regulations and/or customs that permitted the use of excessive force in the seizure of one's body by its police officers; and/or

   c. Defendant City, with deliberate indifference to Decedent's rights, failed to have policies, procedures, rules, regulations and/or customs prohibiting the use of excessive force in the seizure of one's body by its police officers where the use of such force is in violation of the United States Constitution; and/or

   d. In the alternative, if Defendant City, had policies, procedures, rules, regulations and/or customs prohibiting the use of excessive force in the seizure of one's body by its police officers where the use of such force is in violation of the United States Constitution, they are inadequate, which inadequacy was known, or should have been known to Defendant City, and Defendant City failed to act upon the inadequacy despite the substantial danger of the use of excessive force; and/or

   e. Defendant City, with deliberate indifference to Decedent's rights, had policies, procedures, rules, regulations and/or customs that permitted the use of excessive force in the seizure of one's body by its police officers when there was no probable cause for the use of excessive force; and/or

f. Defendant City, with deliberate indifference to Decedent's rights, failed to have policies, procedures, rules, regulations and/or customs that permitted the use of excessive force in the seizure of one's body by its police officers when there was no probable cause for the use of excessive force; and/or

g. In the alternative, if Defendant City, had policies, procedures, rules, regulations and/or customs prohibiting the use of excessive force in the seizure of one's body by its police officers when there was no probable cause for the use of excessive force, they are inadequate, which inadequacy was known, or should have been known to Defendant City, and Defendant City failed to act upon the inadequacy despite the substantial danger of the use of excessive force; and/or

h. Defendant City, with deliberate indifference to Decedent's rights, had policies, procedures, rules, regulations and/or customs that permitted the use of excessive force in the seizure of one's body by its police officers when there was no probable cause for excessive force; and/or

i. Defendant City, with deliberate indifference to Decedent's rights, failed to have policies, procedures, rules, regulations and/or customs that permitted the use of excessive force in the seizure of one's body by its police officers when there was no probable cause for the use of excessive force; and/or

j. In the alternative, if Defendant City, had policies, procedures, rules, regulations and/or customs prohibiting the use of excessive force in the seizure of one's body by its police officers when there was probable cause for the use of excessive force, they are inadequate, which inadequacy was known, or should have been known to Defendant City, and Defendant City failed to act upon the inadequacy despite the substantial danger of the use of excessive force; and/or

k. Defendant City failed to adequately train and/or supervise its police officers in the use of force; and/or

l. Defendant City failed to adequately train and/or supervise its police officers in the use of force in the seizure of one's body when there was no probable cause for the use of excessive force; and/or

m. Defendant City failed to adequately train and/or supervise its police officers in the use of force, regardless of whether there was probable cause for doing so or not, when Defendant City knew or should have known that its police officers were using excessive force; and/or

  n. Defendant City, with deliberate indifference to the Decedent's rights, inadequately trained and/or supervised its police officers, including Defendants Becze and Couper, in the use of excessive force, regardless of whether there was probable cause for doing so or not, when Defendant City knew or should have known that there were no policies, procedures, rules, regulations, and/or customs pertaining to the use of excessive force and such, posed a risk for the use of excessive force; and/or

  o. Defendant City, with deliberate indifference to the Decedent's rights, inadequately trained and/or supervised its police officers, including Defendants Becze and Couper, in the use of excessive force, regardless of whether there was probable cause for doing so or not, when Defendant City knew or should have known that there were policies, procedures, rules, regulations, and/or customs that permitted the use of excessive force and such, posed a risk for the use of excessive force.

26. As a direct and proximate result of Defendant City's violations of the Decedent's constitutionally guaranteed rights pursuant to the Fourth and Fourteenth Amendments of the United States Constitution, Decedent was physically and violently shot by Defendants Becze and Couper. Under the circumstances which existed on January 25, 2005, Defendants Becze and Couper should not have used such force and violence, should not have employed the use of gunfire and should not have seized the Decedent. Defendants Becze and Couper's use of force was excessive, without provocation and without probable cause.

27. As a direct and proximate result of the foregoing violations by Defendant City, Plaintiff claims pain, suffering, inconvenience, humiliation and embarrassment sustained by the Decedent as well as the loss of earnings which the Decedent may have earned during the remainder of his life, less personal maintenance costs.

28. As a direct and proximate result of the foregoing violations by Defendant City, Plaintiff claims monies expended for legal fees and costs.

29. [Claim for Punitive Damages against Defendant City of Beaver Falls Omitted pursuant to Order of Court of October 26, 2007.]

WHEREFORE, Plaintiff demands judgment against the Defendant City of Beaver Falls, together with attorneys' fees and costs.

## COUNT II
## VIOLATION OF DUE PROCESS
***Christine Barr, Administratrix of the Estate of Christopher M. Barr, deceased, on behalf of the Estate of Christopher M. Barr, deceased, v. City of Beaver Falls***

[Omitted pursuant to Order of Court of October 26, 2007]

## COUNT III
## UNREASONABLE SEARCH AND SEIZURE
***Christine Barr, Administratrix of the Estate of Christopher M. Barr, deceased, on behalf of the Estate of Christopher M. Barr, deceased, v. Jeff Becze***

36. Plaintiff incorporates paragraphs 1 through 35, inclusive, as though set forth at length herein.

37. Defendant Becze was deliberately indifferent to Decedent's constitutionally guaranteed right of freedom from unreasonable search and seizure pursuant to the Fourth and Fourteenth Amendments of the United States Constitution in that:

    a. Defendant Becze intentionally and/or negligently and without provocation, used excessive force in the seizure of Decedent's body; and/or

    b. Defendant Becze intentionally and/or negligently and without provocation, used excessive force in the seizure of Decedent's body, when he knew or had reason to know that the use of such force was an unreasonable seizure of the Decedent's body; and/or

    c. Defendant Becze intentionally and/or negligently and without provocation, used excessive force in the seizure of the Decedent's body, when he knew or had reason to know that there was not probable cause for the use of such force; and/or

    d. Defendant Becze intentionally and/or negligently and without provocation, used force, when he knew or had reason to know that the use of such force was excessive; and/or

    e. Defendant Becze intentionally and/or negligently and without provocation, used force, when he knew or had reason to know that the use of such force was excessive and/or without probable cause; and/or

  f. Defendant Becze intentionally and/or negligently and without provocation, used excessive force; and/or Defendant Becze failed to use other non-excessive measures in the seizure of Decedent's body; and/or

  g. Defendant Becze failed to use other non-excessive measures in the seizure of Decedent's body; and/or

  h. Defendant Becze intentionally and/or negligently did not follow the policies, procedures, rules, regulations and/or customs of BFPD and/or the Commonwealth of Pennsylvania, on the use of non-excessive force in the seizure of the Decedent's body.

  38. As a direct and proximate result of Defendant Becze's violations of the Decedent's constitutionally guaranteed rights pursuant to the Fourth and Fourteenth Amendments of the United States Constitution, Decedent was physically and violently shot by

  39. Defendants Becze and Couper. Under the circumstances which existed on January 25, 2005, Defendants Becze and Couper should not have used such force and violence, should not have employed the use of gunfire and should not have seized the Decedent. Defendants Becze and Couper's use of force was excessive, without provocation and without probable cause.

  40. As a direct and proximate result of the foregoing violations by Defendant Becze, Plaintiff claims pain, suffering, inconvenience, humiliation and embarrassment sustained by the Decedent as well as the loss of earnings which the Decedent may have earned during the remainder of his life, less personal maintenance costs.

  41. As a direct and proximate result of the foregoing violations by Defendant Becze, Plaintiff claims monies expended for legal fees and costs.

  42. As a direct and proximate result of the foregoing violations by Defendant Becze, Plaintiff claims punitive damages pursuant to 42 U.S.C. §1983.

  WHEREFORE, Plaintiff demands judgment against the Defendant Jeff Becze, together with attorneys' fees and costs.

## COUNT IV
### VIOLATION OF DUE PROCESS
*Christine Barr, Administratrix of the Estate of Christopher M. Barr, deceased, on behalf of the Estate of Christopher M. Barr, deceased, v. Jeff Becze*

[Omitted pursuant to Order of Court of October 26, 2007]

## COUNT V
### UNREASONABLE SEARCH AND SEIZURE
*Christine Barr, Administratrix of the Estate of Christopher M. Barr, deceased, on behalf of the Estate of Christopher M. Barr, deceased, v. Curt Couper*

49. Plaintiff incorporates paragraphs 1 through 48, inclusive, as though set forth at length herein.

50. Defendant Couper was deliberately indifferent to Decedent's constitutionally guaranteed right of freedom from unreasonable search and seizure pursuant to the Fourth and Fourteenth Amendments of the United States Constitution in that:

   a. Defendant Couper intentionally and/or negligently and without provocation, used excessive force in the seizure of Decedent's body; and/or

   b. Defendant Couper intentionally and/or negligently and without provocation, used excessive force in the seizure of Decedent's body, when he knew or had reason to know that the use of such force was an unreasonable seizure of the Decedent's body; and/or

   b. Defendant Couper intentionally and/or negligently and without provocation, used excessive force in the seizure of the Decedent's body, when he knew or had reason to know that there was no probable cause for the use of such force; and/or

   d. Defendant Couper intentionally and/or negligently and without provocation, used force, when he knew or had reason to know that the use of such force was excessive; and/or

   e. Defendant Couper intentionally and/or negligently and without provocation, used force, when he knew or had reason to know that the use of such force was excessive and/or without probable cause; and/or

   f. Defendant Couper intentionally and/or negligently and without provocation, used excessive force; and/or Defendant Couper failed to use other non-excessive

      measures in the seizure of Decedent's body; and/or

   g. Defendant Couper failed to use other non-excessive measures in the seizure of Decedent's body; and/or

   h. Defendant Couper intentionally and/or negligently did not follow the policies, procedures, rules, regulations and/or customs of BFPD and/or the Commonwealth of Pennsylvania, on the use of non-excessive force in the seizure of the Decedent's body.

51. As a direct and proximate result of Defendant Couper's violations of the Decedent's constitutionally guaranteed rights pursuant to the Fourth and Fourteenth Amendments of the United States Constitution, Decedent was physically and violently shot by Defendants Becze and Couper. Under the circumstances which existed on January 25, 2005, Defendants Becze and Couper should not have used such force and violence, should not have employed the use of gunfire and should not have seized the Decedent. Defendants Becze and Couper's use of force was excessive, without provocation and without probable cause.

52. As a direct and proximate result of the foregoing violations by Defendant Couper, Plaintiff claims pain, suffering, inconvenience, humiliation and embarrassment sustained by the Decedent as well as the loss of earnings which the Decedent may have earned during the remainder of his life, less personal maintenance costs.

53. As a direct and proximate result of the foregoing violations by Defendant Couper, Plaintiff claims monies expended for legal fees and costs.

54. As a direct and proximate result of the foregoing violations by Defendant Couper, Plaintiff claims punitive damages pursuant to 42 U.S.C. §1983.

WHEREFORE, Plaintiff demands judgment against the Defendant Curt Couper, together with attorneys' fees and costs.

## COUNT VI
## VIOLATION OF DUE PROCESS
*Christine Barr, Administratrix of the Estate of Christopher M. Barr, deceased, on behalf of*

*the Estate of Christopher M. Barr, deceased, v. Curt Couper*

[Omitted pursuant to Order of Court of October 26, 2007]

Respectfully submitted,

PORTNOY & QUINN, LLC


BY:   /s/John E. Quinn
      Attorney for Plaintiff
      Pa. I.D. #23268

      *jquinn@epqlawyers.com*

      PORTNOY & QUINN, LLC
      FIRM #724
      One Oxford Centre, 36th Floor
      Pittsburgh, PA  15219
      412-765-3800